**Affirmed and Opinion Filed October 29, 2014**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-14-00769-CV

## THE STATE OF TEXAS FOR THE BEST INTEREST AND PROTECTION OF E.M.

**On Appeal from the Probate Court No. 3**
**Dallas County, Texas**
**Trial Court Cause No. MI-14-01851**

## MEMORANDUM OPINION

Before Chief Justice Wright, Justice Lang-Miers, and Justice Brown
Opinion by Chief Justice Wright

E.M. appeals from a judgment of commitment for temporary inpatient mental health services. In two issues, appellant asserts that (1) the trial court lacked personal jurisdiction, and (2) the evidence is legally and factually insufficient to establish any of the criteria necessary for court-ordered mental commitment. We overrule appellant's issues and affirm the trial court's judgment.

### Background

Appellant was discharged from a hospital in Georgetown, Texas during "one of her coherent periods." While her sons were driving her to Dallas, Texas, she became "unresponsive" and they immediately took her to St. Paul Hospital. Appellant consented to treatment and she stayed on the medical floor for three days. Dr. Nhan Le examined appellant and completed a certificate of examination. Dr. Le diagnosed appellant with major depressive disorder with psychotic features. Dr. Le noted in his report that appellant's husband died in June 2013, and she

had become so depressed, that she believed she died to be with him. The report stated that appellant was in a depressed mood, had a bizarre ideation about having died already, had passive suicidal thoughts of wanting to be dead, and had poor insight and judgment. It was Dr. Le's opinion that appellant was a risk to herself, was suffering severe and abnormal mental, emotional, or physical distress and was deteriorating in her ability to function independently. The same day, an application for court-ordered temporary mental health services was filed with a physician's certificate of medical examination for mental illness signed by Dr. Le. The trial court ordered appellant detained in protective custody, pending a probable cause hearing. Appellant was then transferred to Zale Lipshy Hospital.

Thereafter, Dr. Ahmad Raza, a physician at Zale Lipshy Hospital, examined appellant and completed a physician's certificate of medical examination for mental illness. Dr. Raza also diagnosed appellant with major depressive disorder with psychotic features, adding catatonic features and pseudo seizures to her diagnosis. He noted that appellant was "experiencing dissociative/psychotic episodes (dream-like state) with visual hallucinations of 'evil spirit' coming out of her legs and 'spending time' with her husband." In addition, she had disorganized thought processes, was hostile, refused medications, refused to eat and had lost fifty pounds in the past year. Dr. Raza was also of the opinion that appellant was a risk to herself, was suffering severe and abnormal mental, emotional, or physical distress and was deteriorating in her ability to function independently.

The trial court held a commitment hearing at which Dr. Gus Zhang from Zale Lipshy Hospital testified for the State. Dr. Zhang testified that in his opinion, appellant was likely to cause serious harm to herself and others, was suffering severe and abnormal mental, emotional, or physical distress, was deteriorating in her ability to function independently, and was unable to make a decision as to whether to submit to treatment. The State recommended appellant be

committed to Zale Lipshy Hospital. At the conclusion of the hearing, the trial court found that appellant satisfied all three criteria necessary for commitment and was unable to make a rational and informed decision regarding whether or not to submit to treatment. The trial court granted the application and ordered commitment at Zale Lipshy Hospital for a period of time not to exceed ninety days. Appellant timely appealed the judgment of involuntary commitment.

## Standard of Review

For court-ordered mental commitment, the trial court must find the statutory criteria for commitment by clear and convincing evidence. TEX. HEALTH & SAFETY CODE ANN. § 574.034(a) (West Supp. 2013). Clear and convincing evidence is "that measure or degree of proof which will produce in the mind of the trier of fact a firm belief or conviction as to the truth of the allegations sought to be established." *State v. Addington*, 588 S.W.2d 569, 570 (Tex. 1979) (per curiam). Because the State has the burden of establishing by clear and convincing evidence that the proposed patient meets the requirements of section 574.034(a)(2), we apply a heightened burden of review. *State ex rel. T.M.*, 362 S.W.3d at 852. In a legal sufficiency or no evidence review, we examine all of the evidence in the light most favorable to the finding to determine whether a reasonable trier of fact could have formed a firm belief or conviction that the finding was true. *In re J.F.C.*, 96 S.W.3d 256, 266 (Tex. 2002). Likewise, in reviewing a factual sufficiency claim, we will consider the evidence that the fact finder could reasonably have found to be clear and convincing and then determine, based on the entire record, whether the fact finder could have formed a firm belief or conviction that the allegations in the application were proven. *Id.*

## Personal Jurisdiction

In her first issue, appellant contends the trial court lacked personal jurisdiction. Specifically, appellant asserts that she is not a resident of Dallas County and did not enter the

county voluntarily, but rather her presence was a result of her sons driving her to Dallas. Appellant argues that because she would not have been physically present but for the act of her sons, the trial court lacked personal jurisdiction over her.

The evidence shows appellant's sons were driving her to Dallas after her discharge from a hospital in Georgetown, Texas. During the trip, she became unresponsive and they took her to St. Paul Hospital. Upon arrival, appellant signed a consent for admission. Under these circumstances, we cannot say her trip to Dallas was involuntary. *See Goldwait v. State*, 961 S.W.2d 432, 434 (Tex. App.—Houston [1st Dist.] 1997, no writ). Furthermore, under section 574.001(b) of the health and safety code, an application for court-ordered mental health services "must be filed with the county clerk in the county in which the proposed patient: (1) resides; (2) is found; or (3) is receiving mental health services by court order or under Subchapter A, Chapter 573." TEX. HEALTH & SAFETY CODE ANN. § 574.001(b) (Vernon Supp. 2004-05). When the hospital initiated commitment proceedings, appellant was a resident of Georgetown, Texas, but she was physically present in Dallas. Because appellant was found in Dallas County at the time the application was filed, the Dallas County Probate Court had personal jurisdiction over her. *See id.*; *Goldwait*, 961 S.W.2d at 434; *Ledbetter v. State*, No. 2-03-058-CV, 2004 WL 1799847, at *1 (Tex. App.—Fort Worth Aug. 12, 2004). We overrule appellant's first point of error.

### Order of Involuntary Commitment

In her second point of error, appellant generally contends that even if the trial court had jurisdiction over her, the evidence was legally and factually insufficient to establish any of the criteria necessary for court-ordered mental commitment.

A trial court may order temporary inpatient mental health services only if it finds by clear and convincing evidence that the patient is mentally ill and as a result of that mental illness, at least one of three criteria results: the patient (1) is likely to cause serious harm to himself; (2) is

–4–

likely to cause serious harm to others; or (3) is suffering severe and abnormal mental, emotional, or physical distress, is experiencing substantial mental or physical deterioration of the ability to function independently, and is unable to make a rational and informed decision as to whether or not to submit to treatment. TEX. HEALTH & SAFETY CODE ANN. § 574.034(a)(2)(A), (B), and (C)(i)-(iii) (West Supp. 2013). To constitute clear and convincing evidence under section 574.034, the evidence must include expert testimony and, unless waived, evidence of a recent overt act or a continuing pattern of behavior that tended to confirm: (1) the likelihood of serious harm to the patient or others; or (2) the proposed patient's distress and the deterioration of the patient's ability to function. TEX. HEALTH & SAFETY CODE ANN. § 574.034(d) (West Supp. 2013). The recent overt act or continuing pattern of behavior must relate to the criteria on which the judgment is based. *State ex rel. T.M.*, 362 S.W.3d 850, 852 (Tex. App.—Dallas 2012, no pet.) (citing *T.G. v. State*, 7 S.W.3d 248, 252 (Tex. App.—Dallas 1999, no pet.).

Here, the trial court found that commitment was justified under all three criteria for court-ordered mental commitment. At the commitment hearing, Dr. Zhang testified he believed that as a result of her mental illness, appellant was likely to cause serious harm to herself and others, is suffering severe mental and abnormal, mental, emotional or physical distress, is deteriorating in her ability to function independently, and is unable to make a rational and informed decision as to whether to submit to treatment. Dr. Zhang diagnosed appellant with major depressive disorder with psychotic and catatonic features. Because of the increasing number of depressive, psychotic and catatonic episodes since her husband's death in June 2013, he believes that she is likely to cause serious harm to herself. Dr. Zhang related the circumstances that led her sons to have concerns about her ability to take care of herself. Specifically, appellant was found by one son lying on a sheet of plastic saying the Lord spoke to her and was sending a personal tram to take her to heaven. He testified she has also made multiple statements believing she is already

dead and had a funeral, and that because she believes she is dead, she also believes she has no internal organs so that all food passes through her. Appellant has lost fifty pounds from neglect of self-care since June 2013.

Dr. Zhang testified that when appellant arrived at St. Paul, she refused to eat on some days and on one occasion told her sons, "Leave me alone, I want to die and you both know it." Since appellant has been at Zale Lipshy Hospital, appellant has continued to refuse some of her meals and on the two days before the hearing, refused to eat because she believed the food was laced and poisoned. Dr. Zhang testified appellant also refused to take medication that has been prescribed for her chronic congestive heart failure because she told the nurses she has no heart. She also believed the medications were sugar pills because the hospital wanted to save money. Dr. Zhang characterized appellant's beliefs as delusional and paranoid, and although she has periods when she is coherent and logical, there are frequent periods when she is depressed, catatonic, or psychotic. In Dr. Zhang's opinion, appellant's ability to take care of herself is "poor."

Dr. Zhang also testified he believed that as a result of mental illness, appellant is likely to cause serious harm to others because of her hostile and aggressive behavior. He testified to an incident when she punched or attempted to punch her son as he tried to encourage her to eat after she was admitted to St. Paul. Appellant has also been violent towards staff at Zale Lipshy when she tried to leave the unit. He testified that treatment is necessary to improve her mood and psychosis, and without treatment, her mood and psychosis would worsen, she would continue to neglect her self-care, and continue to display aggression toward her caregivers.

After reviewing the record, we conclude that the record shows by clear and convincing evidence that the trial court could have reasonably formed a firm belief or conviction that appellant is mentally ill and as a result of that illness, as confirmed by her recent overt acts and

continuing pattern of behavior, satisfied all three criteria for mental commitment.  Thus, we conclude that the evidence is legally and factually sufficient to support the trial court's judgment. We overrule appellant's second point of error.

Accordingly, we affirm the trial court's judgment.


140769F.P05


/Carolyn Wright/
CAROLYN WRIGHT
CHIEF JUSTICE

## Court of Appeals
## Fifth District of Texas at Dallas

## JUDGMENT

THE STATE OF TEXAS FOR THE BEST
INTEREST AND PROTECTION OF E.M.

No. 05-14-00769-CV

On Appeal from the Probate Court No. 3,
Dallas County, Texas
Trial Court Cause No. MI-14-01851.
Opinion delivered by Chief Justice Wright.
Justices Lang-Miers and Brown
participating.

In accordance with this Court's opinion of this date, the judgment of the trial court is
**AFFIRMED**.

Judgment entered October 29, 2014